1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  KEVIN E. FIELDS,                                    CASE NO. 1:10-cv–01701-AWI-BAM PC

10                        Plaintiff,                   ORDER DISMISSING COMPLAINT, WITH
                                                       LEAVE TO AMEND, FOR FAILURE TO
11        v.                                           STATE A CLAIM

12  RONALD VOGEL, et al.,                              (ECF No. 4)

13                        Defendants.                  THIRTY-DAY DEADLINE

14  _____/

15  **I.      Screening Requirement**

16        Plaintiff Kevin Fields is a state prisoner proceeding pro se and in forma pauperis in this civil

17  rights action pursuant to 42 U.S.C. § 1983.   Currently before the Court is the first amended

18  complaint, filed September 22, 2010.  (ECF No. 4.)

19        The Court is required to screen complaints brought by prisoners seeking relief against a

20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).   The

21  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

24        In determining whether a complaint states a claim, the Court looks to the pleading standard

25  under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

26  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

27  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

28  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2  544, 555, 127 S. Ct. 1955 (2007)).

3          Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

5  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.

6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8  between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting

9  Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129

11  S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

13  **II.        Complaint Allegations**

14          Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

15  is incarcerated at California State Prison-Corcoran.  This action is brought against Defendants Vogel,

16  Mason, Hernandez, Pena, Callow, Rousseau, and Field alleging deliberate indifference in violation

17  of the Eighth Amendment and retaliation in violation of the First Amendment.  Plaintiff is seeking

18  declaratory and monetary relief.

19          On October 12, 2009, Plaintiff was interviewed by Defendants Vogel and Marsh regarding

20  a staff complaint.  Later that day when he returned to his cell, he noticed that when the prisoner in

21  the cell above him flushed the toilet sewer water would run down a vent onto the spout of his sink.

22  Plaintiff informed Defendant Vogel that he had an emergency plumbing need and wanted him to call

23  a plumber or move him to another cell.  Defendant Vogel told Plaintiff he was aware of the situation

24  and wasn't going to submit a work order or move Plaintiff.  Later that evening Plaintiff informed

25  Correctional Officers Kee, Tomlin, Tran, and Morrison about the problem and was informed that

26  they would tell the sergeant.  Plaintiff submitted an appeal because he was informed that he was not

27  going to be moved to another cell and a plumber was not going to be called.

28          Plaintiff complained about the situation on October 13, 2009 and was told that the facility

1   lieutenant and captain were aware of the situation and were working on it.  Plaintiff was informed

2   that Defendant Hernandez had called in a plumber, but was not going to move Plaintiff.  Plaintiff

3   was unable to use the sink to drink water, brush his teeth, or wash until it was fixed on October 15,

4   2009.

5         Plaintiff alleges that Defendants Vogel, Mason, Hernandez, Callow, Rousseau, and Field

6   subjected him to a substantial risk of harm in retaliation for his filing inmate grievances and lawsuits.

7   Plaintiff states that as a result he suffered dehydration, a fungal rash on his back, mental and

8   emotional pain and fear of contracting Hepatitis.

9         For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.

10   Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

11   described by the Court in this order.

12   **III.   Discussion**

13         **A.   Retaliation**

14         A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation

15   under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of

16   retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a

17   state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

18   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

19   (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408

20   F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

21         Plaintiff's conclusory allegations that Defendants acted in retaliation for his exercising his

22   First Amendment rights fails to state a claim.  Iqbal, 129 S. Ct. at 1949.  The first amended

23   complaint is devoid of any factual allegations sufficient to state a plausible claim for retaliation.

24         **B.   Deliberate Indifference**

25         Liability under section 1983 exists where a defendant "acting under the color of law"  has

26   deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen

27   v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  To prove a violation of the Eighth Amendment

28   the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and

1    make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's

2    health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).

3            Plaintiff's allegation that when the toilet above his cell was flushed sewer water ran over the

4    faucet in his sink does not rise to a deprivation of the 'minimal civilized measure of life's

5    necessities.' Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  Routine discomfort that is

6    inherent in the prison setting is insufficient to establish an Eighth Amendment violation, deprivations

7    that deny "the minimal civilized measure of life's necessities" are objectively sufficiently serious.

8    Wilson v. Seiter, 501 U.S. 294, 298 (1991); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

9    The circumstances, nature, and duration of the deprivations are critical in determining whether the

10   conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim,

11   Id.  Plaintiff's allegation that when the toilet above his cell was flushed sewer water flowed over the

12   faucet in his sink does not demonstrate a prolonged or severe deprivation that would rise to the level

13   of a constitutional violation where the problem was corrected within three days.

14           Nor has Plaintiff alleged facts to show that he was at a substantial risk of serious harm. The

15   sewage problem was limited to the sink in Plaintiff's cell and Plaintiff states in his complaint that

16   he was unable to use the sink for the three days that the sewage problem existed.  Plaintiff fails to

17   state a plausible claim that he contracted a fungal infection on his back due to the sewage flowing

18   over the facet in his sink.

19       **C.     Declaratory Relief**

20           In addition to money damages, Plaintiff seeks a declaration that his rights were violated.  "A

21   declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

22   judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village,

23   333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

24   purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

25   relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759

26   F.2d 1353, 1357 (9th Cir. 1985).  In the event that Plaintiff is able to state a cognizable claim and

27   this action reaches trial, if the jury returns a verdict in favor of Plaintiff, that verdict will be a finding

28   that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that Defendants

1  violated Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages

2  only.

3  **IV.      Conclusion and Order**

4          For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

5  a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

6  thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

7  nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

8  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

9          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

10  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

11  Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

12  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

13  caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

14  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

15  speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

16          Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

17  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

18  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

19  causes of action alleged in an original complaint which are not alleged in an amended complaint are

20  waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

21  Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

22          Based on the foregoing, it is HEREBY ORDERED that:

23          1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

24          2.      Plaintiff's first amended complaint, filed September 22, 2010, is dismissed for failure

25                  to state a claim upon which relief may be granted under section 1983;

26          3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

27                  amended complaint; and

28  ///

1       4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

2       action will be dismissed, with prejudice, for failure to state a claim.

3   IT IS SO ORDERED.

4  **Dated:**   **November 28, 2011**        /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE

6