# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, | CASE NO. 1:10-cv–01701-AWI-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| RONALD VOGEL, et al., | (ECF No. 4) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Kevin Fields is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the first amended complaint, filed September 22, 2010. (ECF No. 4.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.    **Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison-Corcoran. This action is brought against Defendants Vogel, Mason, Hernandez, Pena, Callow, Rousseau, and Field alleging deliberate indifference in violation of the Eighth Amendment and retaliation in violation of the First Amendment. Plaintiff is seeking declaratory and monetary relief.

On October 12, 2009, Plaintiff was interviewed by Defendants Vogel and Marsh regarding a staff complaint. Later that day when he returned to his cell, he noticed that when the prisoner in the cell above him flushed the toilet sewer water would run down a vent onto the spout of his sink. Plaintiff informed Defendant Vogel that he had an emergency plumbing need and wanted him to call a plumber or move him to another cell. Defendant Vogel told Plaintiff he was aware of the situation and wasn't going to submit a work order or move Plaintiff. Later that evening Plaintiff informed Correctional Officers Kee, Tomlin, Tran, and Morrison about the problem and was informed that they would tell the sergeant. Plaintiff submitted an appeal because he was informed that he was not going to be moved to another cell and a plumber was not going to be called.

Plaintiff complained about the situation on October 13, 2009 and was told that the facility

lieutenant and captain were aware of the situation and were working on it. Plaintiff was informed that Defendant Hernandez had called in a plumber, but was not going to move Plaintiff. Plaintiff was unable to use the sink to drink water, brush his teeth, or wash until it was fixed on October 15, 2009.

Plaintiff alleges that Defendants Vogel, Mason, Hernandez, Callow, Rousseau, and Field subjected him to a substantial risk of harm in retaliation for his filing inmate grievances and lawsuits. Plaintiff states that as a result he suffered dehydration, a fungal rash on his back, mental and emotional pain and fear of contracting Hepatitis.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

**III.    Discussion**

    **A.    Retaliation**

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's conclusory allegations that Defendants acted in retaliation for his exercising his First Amendment rights fails to state a claim. Iqbal, 129 S. Ct. at 1949. The first amended complaint is devoid of any factual allegations sufficient to state a plausible claim for retaliation.

    **B.    Deliberate Indifference**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and

1    make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's
2    health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).
3           Plaintiff's allegation that when the toilet above his cell was flushed sewer water ran over the
4    faucet in his sink does not rise to a deprivation of the 'minimal civilized measure of life's
5    necessities.' Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Routine discomfort that is
6    inherent in the prison setting is insufficient to establish an Eighth Amendment violation, deprivations
7    that deny "the minimal civilized measure of life's necessities" are objectively sufficiently serious.
8    Wilson v. Seiter, 501 U.S. 294, 298 (1991); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).
9    The circumstances, nature, and duration of the deprivations are critical in determining whether the
10   conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim,
11   Id. Plaintiff's allegation that when the toilet above his cell was flushed sewer water flowed over the
12   faucet in his sink does not demonstrate a prolonged or severe deprivation that would rise to the level
13   of a constitutional violation where the problem was corrected within three days.
14          Nor has Plaintiff alleged facts to show that he was at a substantial risk of serious harm. The
15   sewage problem was limited to the sink in Plaintiff's cell and Plaintiff states in his complaint that
16   he was unable to use the sink for the three days that the sewage problem existed. Plaintiff fails to
17   state a plausible claim that he contracted a fungal infection on his back due to the sewage flowing
18   over the facet in his sink.
19       **C.    Declaratory Relief**
20          In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A
21   declaratory judgment, like other forms of equitable relief, should be granted only as a matter of
22   judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village,
23   333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful
24   purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford
25   relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759
26   F.2d 1353, 1357 (9th Cir. 1985). In the event that Plaintiff is able to state a cognizable claim and
27   this action reaches trial, if the jury returns a verdict in favor of Plaintiff, that verdict will be a finding
28   that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants

violated Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed September 22, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 28, 2011**              /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE