# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS,<br><br>    Plaintiff,<br><br>  v.<br><br>RONALD VOGEL, et al.,<br><br>    Defendants. | 1:10-cv-01701-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER TO SET ASIDE JUDGMENT PURSUANT TO RULE 59(e)<br><br>(ECF No. 68) |

### I.   Procedural Background

Plaintiff Kevin Fields ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The action proceeded on Plaintiff's second amended complaint against Defendant Vogel for retaliation in violation of the First Amendment.

On January 13, 2014, the Magistrate Judge issued Findings and Recommendations that Defendant Vogel's motion to strike Plaintiff's duplicate filings be granted and that Defendant Vogel's motion for summary judgment be granted.  The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days after service.  (ECF No. 61.)  On February 24, 2014, the Magistrate Judge granted Plaintiff's request for an extension of time to March 15, 2014, to file his objections.[1]  Plaintiff

---

[1] March 15, 2014, was a Saturday.  As such, Plaintiff's objections were due on or before Monday, March 17, 2014.

1   did not file any objections.  Thereafter, on March 25, 2014, the undersigned adopted the Findings
2   and Recommendations in full, granted Defendant's motion to strike, granted Defendant's motion
3   for summary judgment and directed the Clerk of the Court to enter judgment for Defendant
4   Vogel and close this action.  (ECF No. 66.)  The Clerk of the Court entered judgment in favor of
5   Defendant Vogel on the same day.  (ECF No. 67.)
6       On April 23, 2014, Plaintiff filed the instant motion to set aside the judgment pursuant to
7   Federal Rule of Civil Procedure 59(e).  (ECF No. 68.)  The Court finds a response to the motion
8   unnecessary and the motion is deemed submitted.  Local Rule 230(l).
9       **II.     Discussion**
10      A district court may grant reconsideration of a final judgment under Federal Rule of Civil
11  Procedure 59(e).  Under Rule 59(e), a motion for reconsideration should not be granted, absent
12  highly unusual circumstances, unless the court is presented with (1) newly discovered evidence,
13  (2) committed clear error, or (3) if there is an intervening change in the controlling law.  See In re
14  Syncor ERISA Litigation, 516 F.3d 1005, 1100 (9th Cir. 2008); see also McQuillion v. Duncan,
15  342 F.3d 1012, 1014 (9th Cir. 2003); 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665
16  (9th Cir. 1999) (moving party required to establish that district court committed clear error).
17      Here, the Court finds no basis to grant the requested relief.  In his moving papers,
18  Plaintiff referred the Court to his "declaration and evidence in support thereof, the points and
19  authorities and all records and files listed under the above-mentioned case number."  (ECF No.
20  68, p. 5.)  Despite this reference, however, Plaintiff did not identify any newly discovered
21  evidence, commission of error or intervening change in controlling law to support his request to
22  set aside the judgment.  Indeed, Plaintiff did not provide a declaration, evidence or argument,
23  and he merely cited the relevant legal standards for a Rule 59 motion.  (ECF No. 68, pp. 4-5.)  In
24  short, Plaintiff has not set forth any reasons or established any of the requirements for granting
25  relief under Rule 59(e).
26  ///
27  ///
28  ///

**III.    Order**

Based on the above, Plaintiff's motion for an order to set aside judgment pursuant to Federal Rule of Civil Procedure 59(e), filed on April 23, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   April 29, 2014                                    _____
                                                            SENIOR DISTRICT JUDGE